02-12-434, 435-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-12-00435-CR

 

 


 
 
 Tiffney
 Lynne McAdoo
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From the 372nd District
 Court
  
 of
 Tarrant County (1247941R)
  
 December
 13, 2012
  
 Per
 Curiam
  
 (nfp)
 
 


 

JUDGMENT

          This
court has considered the record on appeal in this case and holds that the
appeal should be dismissed.  It is ordered that the appeal is dismissed for
want of jurisdiction.

 

SECOND DISTRICT COURT OF APPEALS

 

 

 

PER CURIAM

 

 

 

 

 









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO.  02-12-00434-CR

NO.  02-12-00435-CR

 

 


 
 
 TIFFNEY LYNNE MCADOO
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 372ND District Court OF
Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

Appellant
Tiffney Lynne McAdoo attempts to appeal following her pleas of guilty to theft of
property valued between $1,500 and $20,000 from an elderly individual and to
making a false statement to obtain property or credit.  See Tex. Penal
Code Ann. § 31.03(e)(4), (f) (West Supp. 2012); id. § 32.32 (West 2011). 
Following the plea agreements, the trial court sentenced Appellant to five
years’ incarceration in each case but suspended her sentence, ordering that
Appellant be placed on community supervision for five years and that Appellant
make restitution.

The
trial court’s certifications of Appellant’s right to appeal state in each case that
this “is a plea-bargain case, and the defendant has NO right of appeal.”  See
Tex. R. App. P. 25.2(a)(2).  On September 17, 2012, we notified Appellant that
these appeals could be dismissed unless she or any party desiring to continue
the appeals filed a response showing grounds for continuing the appeals.  We
have to date not received any response.

The
Texas Rules of Appellate Procedure are clear that in a plea-bargain case, an
appellant may appeal only those matters that were raised by written motion
filed and ruled on before trial or after getting the trial court’s permission
to appeal.  See Tex. R. App. P. 25.2(a)(2).  Because the trial court’s
certifications reflect that Appellant has no right of appeal, we dismiss these
appeals for want of jurisdiction.  See Tex. R. App. P. 25.2(a)(2), (d),
43.2(f).

 

PER CURIAM

 

PANEL: 
GARDNER,
WALKER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  December 13,
2012








 









[1]See Tex. R. App. P. 47.4.